UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUKESH REDDY VUNDRA et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | Case No. 2:25-cv-06798-SB-BFM <br><br> ORDER OF DISMISSAL WITHOUT PREJUDICE |

  Plaintiffs Mukesh Reddy Vundra and Shraddha Reddy Aileni filed regional center investor petitions and applications to register permanent residence and adjust status on October 10, 2024. After waiting nearly 10 months without receiving a decision, Plaintiffs filed this mandamus action seeking to compel Defendants to adjudicate their applications. Dkt. No. 1. On October 23, 2025, USCIS issued a Notice of Intent to Revoke. Five days later, the parties filed a joint stipulation to stay the case until January 24, 2026, based on the parties' agreement that USCIS will be able to take the next adjudicative steps on Plaintiffs' applications at that point. Dkt. No. 17.

  The parties request this stay in the interest of judicial economy, representing that they believe that adjudication of Plaintiffs' petition and applications can be completed without further judicial proceedings. In the Court's experience with numerous similar requests in recent mandamus actions challenging similar delays, progress in adjudicating plaintiffs' applications after the action is filed generally leads to the resolution of the parties' dispute without the need for further intervention by the Court. However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports. It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.

It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further Court intervention becomes necessary. The Court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future monitoring or action if the parties proceed, as expected, according to their representations. To further conserve judicial and party resources, the Court intends to adopt this approach unless any party objects.

Accordingly, this action is dismissed without prejudice to any party seeking to vacate this order and reopen the action nunc pro tunc in the event that Plaintiff is unable to receive a determination in the time contemplated by the parties.

Any party who objects to the dismissal of this action as ordered herein shall file a request to reopen the case no later than seven days after entry of this order. The parties will then be required to appear before this Court at a status conference that will be set within 14 days of filing the objection to discuss the most efficient way to proceed. Failure to timely file a request to reopen the case will be deemed consent to dismissal as ordered.

Date: October 30, 2025

Stanley Blumenfeld, Jr.
United States District Judge